IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA MORALES, on behalf of herself and all others similarly situated, | Case No. 1:24-cv-8150 |
| Plaintiff, | |
| v. | Honorable _____ |
| VERIFF INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Veriff Inc. ("Veriff"), hereby gives notice of removal of this action from the Circuit Court of Lake County, Illinois to the United States District Court for the Northern District of Illinois. For the reasons explained below, this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

### I.    THE STATE COURT ACTION

On July 9, 2024 Plaintiff Diana Morales ("Plaintiff") filed a Class Action Complaint in the Circuit Court of Lake County, Illinois, captioned *Morales v. Veriff Inc.*, 2024LA00000497 (the "State Court Action"). Copies of the complaint, summons, and a Supreme Court Rule 222(B) affidavit were served on Veriff on August 8, 2024. *See* Ex. 1 (Class Action Complaint); Ex. 2 (Summons); Ex. 3 (affidavit); Ex. 4 (Notice of Service of Process). No other "process, pleadings, [or] orders" have been served upon Veriff by Plaintiff in the Circuit Court of Lake County. 28 U.S.C. § 1446(a).

The Complaint alleges that Veriff is a "software-as-a-service provider that helps its clients to, *inter alia*, verify people's identities and ages across said clients' websites, Android applications, and iOS applications." Ex. 1 ¶ 1. The Complaint further alleges that "Veriff uses

Illinoisans' Information for purposes unrelated to the transaction in which it was obtained. … Namely, Veriff uses the Information to improve its own products and/or services, by employing the Information as training data for machine learning and/or artificial intelligence algorithms." *Id*. ¶¶ 22-23 (cleaned up).

Based on these and other allegations, Plaintiff asserts against Veriff two causes of action for violations of 15 ILCS 335/14D (the "Illinois Identification Card Act" or "IICA") and 625 ILCS 5/6-117.1 (the "Illinois Driver's License Act" or "IDLA"). *Id*. ¶¶ 42-63. Plaintiff also seeks to represent a proposed class of "[a]ll Illinois residents who uploaded a photograph of their Illinois identification card issued by the Secretary of State and/or driver's license to Defendant." Plaintiff alleges "[o]n information and belief, members of the Class number in the thousands." *Id*. ¶¶ 36, 38. Among other relief, Plaintiff seeks on behalf of herself and every class member: (1) declaratory relief, (2) statutory damages, (3) injunctive and equitable relief, and (4) attorneys' fees and costs. *See id.* at 21-22 (Prayer for Relief).

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs;" and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

1.     **This is a putative class action in which the aggregate number of members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff seeks to represent a putative class pursuant to 735 ILCS 5/2-801 (*see* Ex. 1 ¶ 36) which authorizes "[a]n action [to] be maintained as a class action . . . if (1) The class is so numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy," 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Ill. Cent. R.R. Co.*, 860 N.E.2d 332, 337–38 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Plaintiff alleges that the putative class contains 100 or more members. Plaintiff alleges that "members of the Class are so numerous that their individual joinder is impracticable" and that upon information and belief "members of the Class number in the thousands." *Id*. ¶ 38.

The class as alleged thus consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

2.     **The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Here, Plaintiff seeks to represent a putative class of "[a]ll Illinois residents who uploaded a photograph of their Illinois identification card issued by the Secretary of State and/or driver's license to Defendant," Ex. 1 ¶ 36, alleges that Veriff violated the IICA and/or IDLA as to each of these putative class members, *id*. ¶¶ 24-27, and

seeks to recover $250 for each violation of the IICA and/or IDLA, *id*. at 21-22 (Prayer for Relief). According to the public filings submitted in connection with the class action settlement in the matter captioned *McGowan v. Veriff, Inc.*, Case No. 2021L001202 (Ill. Cir. Ct. DuPage Cty.), over the five-year period preceding July 9, 2024, more than 20,000 individuals uploaded a photograph of their Illinois identification card issued by the Secretary of State and/or driver's license using the identity verification product described in the Complaint. *See* Declaration of Debra R. Bernard In Support of Notice of Removal ("Bernard Declaration") ¶ 2, Ex. 1. Thus, Plaintiff seeks to represent a class of more than 20,000 individuals, in which case the amount in controversy exceeds $5,000,000 because Plaintiff seeks to recover $250 for each violation of the IICA and/or IDLA. *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022) (recognizing that "[t]he removing party needs to provide only a 'good-faith estimate'" of the amount in controversy, and that a case "belongs in federal court" even if it is "highly unlikely" that the plaintiff will succeed on the merits).

By the statements contained in this Notice of Removal, Veriff does not concede that Plaintiff is entitled to any damages or other relief. The Complaint nonetheless places more than $5,000,000 in controversy, exclusive of interest and costs, and CAFA's second requirement is therefore satisfied.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff "is, and has been at all relevant times, a resident of Round Lake Park, Illinois[.]" Ex. 1 ¶ 7. Additionally, Plaintiff seeks to represent a putative class of "[a]ll Illinois residents who uploaded a photograph of their Illinois identification card issued by the Secretary of State and/or driver's license to Defendant" (*id*. ¶ 36) and it stands to reason that at least one of those individuals is domiciled in and thus a citizen of Illinois. *See Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill.

1967) ("The citizenship of an individual for purposes of diversity jurisdiction is considered to be that of his domicile," i.e., "the state in which a person resides with the intention of remaining.").

Veriff is not a citizen of Illinois but is instead a citizen of only the states of Delaware and New York. *See* Ex. 1 ¶ 9 (alleging that Veriff "is a Delaware corporation with its principal place of business [in] New York, NY"); 28 U.S.C. § 1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse as required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### B. None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here. As already noted above, Veriff, the sole defendant, is a citizen of Delaware and New York. *See* Ex. 1 ¶ 9. Thus, no defendant is a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").[1]

---

[1] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* ") (emphasis added).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's action does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric corporate governance issues. *See* Ex. 1 at ¶¶ 42–63 (only asserting IICA and IDLA violations).

**C.     Venue is Proper.**

The Northern District of Illinois is the proper venue assignment for this action upon removal because this district embraces the Circuit Court of Lake County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**D.     Veriff has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the complaint and summons were served on Veriff on August 8, 2024 *see* Ex. 4, and this Notice of Removal is filed within 30 days of service of the complaint consistent with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Veriff are being filed herewith. Pursuant to 28 U.S.C. § 1446(d), Veriff will promptly serve on Plaintiff and file with the Circuit Court a written notice of removal to federal court.

**III.     RESERVATION OF RIGHTS AND DEFENSES**

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Veriff's rights or defenses. To the contrary, Veriff expressly reserves all of its rights and defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and

the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.     CONCLUSION

Veriff requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Circuit Court of Lake County, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

| | |
|---|---|
| Dated:  September 6, 2024 | Respectfully submitted,<br><br>By:/s/ *Debra R. Bernard*<br><br>Debra R. Bernard, Bar No. 6191217<br>dbernard@perkinscoie.com<br>J. Mylan Traylor, Bar No. 6333476<br>MTraylor@perkinscoie.com<br>**PERKINS COIE LLP**<br>110 North Wacker Drive, Suite 3400<br>Chicago, Illinois 60606-1511<br>Telephone:     +1.312.324.8400<br><br>Anna Mouw Thompson (*pro hac vice forthcoming*)<br>AnnaThompson@perkinscoie.com<br>**PERKINS COIE LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone:     +1.206.359.8000<br><br>*Attorneys for Defendant Veriff Inc.* |

## CERTIFICATE OF SERVICE

I, Debra R. Bernard certify that on September 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record. I also certify that I served the foregoing by email to the following attorneys:

Philip L. Fraietta (ARDC No. 6337165)
Matthew Girardi
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
pfraietta@bursor.com
mgirardi@bursor.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of September, 2024.

/s/ *Debra R. Bernard*
Debra R. Bernard, Bar No. 6191217
dbernard@perkinscoie.com
**PERKINS COIE LLP**
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: +1.312.324.8400